Notes

RDB15CV0122



DISTRICT COURT OF MARYLAND 2015 JAN 15 AM 10: 31

Congress, 84 Stat 724 (39 U.S.C.A. § 404), as more fully appears below. Jurisdiction is conferred on this court by 28 U.S.C.A. § 1339 and 39 U.S.C.A. § 409(a).

4. On *[date of filing of administrative complaint]*, defendant filed an administrative complaint alleging that in violation of 39 U.S.C.A. § 3005, plaintiff was conducting a scheme for obtaining money or property through the mails by means of false representations in that plaintiff *[describe alleged basis for complaint]*.

5. Plaintiff subsequently filed a timely answer to such complaint pursuant to 39 C.F.R. § 952.10, and pursued its administrative remedies through to a final agency decision and order, dated *[date of final decision and order]*, a copy of which is attached to this complaint and marked Exhibit *[designation of exhibit]*, which order directed the Postmaster at the above-mentioned local post office in the City of *[name of city]*, *[name of state]*, to return to the sender any mails addressed to plaintiff and to forbid the payment to plaintiff or plaintiff's representative of any money order drawn to the order of plaintiff.

6. The above-mentioned fraud order is illegal, null and void, and of no effect for the reason that it was not based on any substantial evidence of fraud on the part of plaintiff in, or in connection with, its advertising matter referred to in the order, or any evidence of intent to deceive.

7. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by defendant Postal Service because the administrative remedies for contesting a Postal Service fraud order have been exhausted.

8. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of defendant Postal Service above-complained of are enjoined because plaintiff's business depends entirely on the mails for the receipt of orders for plaintiff's products and the receipt of moneys sent as payment for plaintiff's products.

WHEREFORE, plaintiff requests relief as follows:

1. That a temporary restraining order issue restraining defendant Postal Service, its agents and employees, from refusing to allow plaintiff to receive payment of any postal money orders drawn to plaintiff's order, and from refusing to allow plaintiff to receive letters and other mailing matter addressed to it in connection with its business, until a hearing is had on plaintiff's application for a preliminary injunction;

2. That a preliminary injunction issue enjoining defendant, its agents and employees, from refusing to allow plaintiff to receive

Criminal Complaint Muse Clyde ... OCBTO 6-28-80 and US Mail Independent Delivery 3631 Belle Avenue Baltimore MD 21207

Mail Designation The US Courthouse Of Baltimore City 101 Lombard Street US Court Administration State and Federal Law enforcement ... labor and licensing and legal Notes to ... Criminal Investigators and US Court Specialist and Criminal law ... US Court Administration ... and legal ... contract Affidavit